**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| SZETH ASLAN MAGNUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 25-cv-1558 (UNA) |
| | ) | |
| | ) | |
| U.S. ATTORNEY GENERAL, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on its initial review of Plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 2), *pro se* complaint (ECF No. 1, "Compl.") and motion for declaratory judgment (ECF No. 7).[1] The Court will grant the application, dismiss the complaint, and deny the motion.

Szeth Aslan Magnus, a veteran of the United States Navy, currently is incarcerated in Washington State at the Coyote Ridge Correction Center. *See* Compl. at 7, 14 (page numbers designated by CM/ECF). Because of "both service and non-service connected disabilities, [he] is entitled to . . . monetary benefits from the Veterans Administration." *Id*. at 7. Pursuant to 38 U.S.C. § 5313, the Veterans Administration reduces plaintiff's benefit payments during his incarceration. *See id*. at 7-8.

In Plaintiff's view, this reduction in benefits "imposes a punitive consequence (the deprivation of earned compensation benefits) based solely on a prior judicial conviction, without

---

[1] The Court treats plaintiff's submission (ECF No. 1) as a civil complaint, notwithstanding the headings and sections plaintiff designates, and plaintiff's representation that "[t]his action is brought as a Constitutional Challenge pursuant to 5 U.S.C. § 702 and is NOT a Civil Suit, nor a Habeas Action." Compl. at 1 (emphasis in original).

1

any subsequent adjudicative process." *Id*. at 3. As such, he deems § 5313 an unlawful bill of attainder, *see id*.; *see also id*. at 9, and an unlawful exercise of power by Congress, *see id*. at 5, which "lacks authority to alter or enhance punishment post hoc," *id*. In addition, Plaintiff claims that § 5313 "creates a discriminatory subclass of veterans: those incarcerated for felony convictions," *id*. at 3, and absent "a rational basis," *id*. at 4, it runs afoul of the Equal Protection Clause, *see id*. at 3. Plaintiff also considers his benefits "property," and "[t]he automatic reduction in benefits under § 5313 . . . without a hearing, notice, or opportunity to be heard, constitute[es] a deprivation of property without procedural due process" in violation of the Fifth Amendment. *Id*. at 4. Plaintiff also considers the withholding of veterans benefits a breach of a contractual agreement with the government. *See id*. at 8.

Plaintiff's challenges to 38 U.S.C. § 5313 are neither new nor successful. *See Hutchison v. United States*, No. 3:15-cv-890-J-34-MCR, 2016 WL 7173886, at *4 (M.D. Fla. May 12, 2016) (noting that "courts have uniformly and consistently upheld the nonpayment of benefits to prison inmates against various constitutional challenges"), *report and recommendation adopted*, No. 3:15-cv-890-J-34-MCR, 2016 WL 7157561 (M.D. Fla. Dec. 8, 2016), *appeal dismissed*, No. 17-10110-G, 2018 WL 3545905, at *1 (11th Cir. Feb. 5, 2018); *Latham v. Brown*, 4 Vet. App. 265, 268 (Vet. App. Ct. Feb. 12, 1993) (noting that several courts have upheld the constitutionality of 38 U.S.C. § 5313 and that no court has held it unconstitutional). It is neither a bill of attainder, *see Sorrow v. United States*, No. 2:20-cv-0169, 2020 WL 13280677, at *6 (S.D. Tex. Oct. 27, 2020) (concluding that § 5313 "cannot be considered to be illegal bills of attainder, *ex post facto* laws, double jeopardy, or excessive fines" because "the suspension or reduction of noncontractual disability benefits does not constitute punishment" ), *report and recommendation adopted*, No. 2:20-cv-0169, 2021 WL 8441967 (S.D. Tex. Feb. 9, 2021), nor

punishment of any kind, *see Hall v. West*, 217 F.3d 860, 860 (Fed. Cir. 1999) (per curiam) ("Since withdrawing VA benefits does not constitute punishment, the instant statute and its implementing regulation are not illegal bills of attainder, *ex post facto* laws, cruel and unusual punishment, double jeopardy or excessive fines."). And because the government "is not contractually obligated to furnish VA benefits, [it] does not impair an obligation of contract in suspending or reducing them." *Hall*, 217 F.3d at 860.

Plaintiff's equal protection argument fares no better. *See Brown v. Dep't of Veterans Affairs*, 451 F. Supp. 2d 273, 281 (D. Mass. 2006) (dismissing constitutional challenge to § 5313(a)(2) construed as equal protection claim under Fifth Amendment's Due Process Clause). "Prisoners are not a suspect class," *Moss v. Clark*, 886 F.2d 686, 690 (4th Cir. 1989), as "[t]he status of incarceration is neither an immutable characteristic . . . nor an invidious basis of classification," *id.* (citations omitted), and there is a rational basis for treating veterans who are prisoners differently than veterans who are not, *see Hall*, 217 F.3d at 860 ("The purpose of VA benefits is to help disabled veterans maintain a standard of living compromised by a service-connected disability. These benefits cannot serve their intended purpose when the veteran recipient is incarcerated because a minimum standard of living is provided, free, to prisoners."); *McDermott v. McDonald*, Case No. 12-29999, 2014 WL 4435899 at *2 (Vet. App. Ct. Sept. 10, 2014) ("[T]he Court has held that prisoners are not a suspect class and that the suspension of the payment of pension benefits while a veteran is in prison is rationally related to and furthers nonpunitive legislative goals of preventing duplication of subsistence payments and contraband purchases within prisons.").

An Order is issued separately.

DATE: September 2, 2025

/s/
JIA M. COBB

United States District Judge